# IN THE SUPREME COURT OF TEXAS

No. 20-0525

IN RE REPUBLICAN PARTY OF TEXAS, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

JUSTICE BOYD did not participate in the decision.

JUSTICE DEVINE filed a dissenting opinion.

On Wednesday, July 8, the Houston First Corporation terminated its agreement to license the George R. Brown Convention Center, which it operates for the City of Houston, to the Republican Party of Texas to hold its 2020 State Convention July 13–18.[1] The termination letter invoked a force majeure clause in the Agreement and cited "the unprecedented scope and severity of the COVID-19 epidemic in Houston." The next day, the Party sued for a declaration that Houston First had breached the Agreement, an injunction prohibiting termination, and specific

---

[1] We refer to the Republican Party of Texas as "the Party," the Houston First Corporation as "Houston First," their license agreement effective December 8, 2017, as "the Agreement," the City of Houston as "the City," and the Party's 2020 state convention as "the Convention." Houston First is "a local government corporation [that] is city-controlled and tax-funded with a budget approved by [the City] and a board appointed by the mayor." *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3rd 566, 571 (Tex. 2018).

performance.[2] Later the same day, the trial court denied the Party's application for a temporary restraining order after a brief, nonevidentiary hearing and set a full hearing on the Party's claims for July 13.

On Friday, July 10, the Party petitioned this Court for mandamus directing the City and Houston First "to perform their obligations in connection with the Convention, including performance of their contractual obligations, and performance of all legal obligations to ensure the free exercise of association and assembly." Pet. at 33. We requested the City and Houston First to respond by the close of business Saturday. We also called for the views of the Solicitor General.

The Party invokes Section 273.061 of the Election Code, which gives the Court jurisdiction to "issue a writ of mandamus to compel the performance of any *duty imposed by law* in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE § 273.061 (emphasis added). The Solicitor General, on behalf of the State of Texas, argues that this grant of jurisdiction does not apply because under our caselaw, the duty the Party seeks to compel Houston First to perform is imposed by contract, not imposed by law. We agree with the Solicitor General that the statute is inapplicable, but for a different reason.

Section 1.005(10) defines "law" in the Election Code to mean "a constitution, statute, city charter, or city ordinance." *Id.* § 1.005(10). Thus, "duty imposed by law" in Section 273.061 is limited to a duty imposed by a constitution, statute, city charter, or city ordinance. The Party does not assert that Houston First owes it any such duty. The Party argues it has constitutional rights to

---

[2] Also named as defendants were the City, Mayor Sylvester Turner, and Brenda W. Bazan, Houston First's president. Defendants, respondents here, take the same position, so we refer to them jointly as Houston First.

hold a convention and engage in electoral activities, and that is unquestionably true. But those rights do not allow it to simply commandeer use of the Center. Houston First's only duty to allow the Party use of the Center for its Convention is under the terms of the parties' Agreement, not a constitution.

We agree with the State that "despite [the Party's] troubling factual allegations," its petition does not "properly invoke this Court's mandamus authority [and] should be denied on that narrow basis." Letter Br. at 3. Accordingly, we dismiss the petition for want of jurisdiction.

**OPINION DELIVERED:** July 13, 2020